O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paolo Antonio Mendoza,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Marriott Hotel Sevices,<br>Inc. dba Anaheim Marriott<br>Hotel<br><br>　　　　Defendants. | CV 10-6384 (FFMx)<br><br>**ORDER re: Defendant Marriott Hotel Services's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment[17]** |

　　On August 23, 2011, Defendant Marriott Hotel Services, Inc.'s ("Defendant") Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment [17] came on for regular calendar before this Court.

　　The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

　　The Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

1

## I. BACKGROUND

The present Summary Judgment Motion relates to work-place harassment, which allegedly occurred at Plaintiff Paolo Antonio Mendoza's ("Plaintiff") former work place.

On February 2006, Plaintiff, a trained chef of Filipino/Spanish descent, began working as a full-time kitchen supervisor at Anaheim Marriott Hotel ("Anaheim Marriott"), a hotel run by Defendant. Plaintiff worked at Anaheim Marriott full-time from February 2006 to October 17, 2008.

While working at Anaheim Marriott during this period, certain employees of Mexican descent spoke Spanish amongst themselves and listened to Spanish-language music while they worked. Plaintiff states that he did not like it when these co-workers spoke in Spanish because he felt it was unfair to those people who did not understand Spanish. These co-workers also called Plaintiff "Chinito" approximately five to ten times from February 2006 to October 17, 2008. Plaintiff never complained in writing to human resources.

Prior to January 2008, however, Plaintiff verbally complained to Anaheim Marriott management twice. He complained once in 2006 and once in early 2007. In early 2007, one manager told Plaintiff "if you can't beat them, join them." Declaration of Timothy B. McCaffrey ("McCaffrey Decl."), ¶2, Ex. A, 83:15-16.

1       On January 5, 2008, Plaintiff noticed a three-by-five inch Mexican flag hanging on a line used to hold the tickets for food orders.  Plaintiff states that he was intimidated by the flag and felt that the Mexican workers were trying to send him a message.  When Plaintiff saw the flag, he immediately removed it from the line and discarded it.  Plaintiff, however, later on found out that the flag belong to his co-worker, who had received it as a gift and had forgotten to take it home with him.

        Finally, on January 12, 2008, while Plaintiff was leaving work, he discovered that someone had defecated on the hood of his vehicle in the parking lot ("January defecation incident").  After seeing his vehicle, Plaintiff immediately reported the incident to management.  Plaintiff also filed a police report, but the police told Plaintiff that it would not pursue the matter because the car was not damaged.  In his deposition, Plaintiff states that he suspects that the perpetrator did the act out of resentment for management selecting Plaintiff for the kitchen supervisor position.  McCaffrey Decl., ¶2, Ex. A, 112:17-24.

        Shortly after this incident, Plaintiff asked each person on the kitchen staff to help him get more information that would be helpful in identifying the perpetrator.  In response, one of the Marriott employees told Plaintiff "[d]o you think I did it?" in

a tone of voice and with gestures that Plaintiff interpreted as physically threatening. McCaffrey Decl., ¶2, Ex. A, 72:11-25.

After the January defecation incident, Anaheim Marriott management responded in multiple ways. Management gave Plaintiff preferential treatment for parking, allowing him to park his car right outside of the hotel. Management met with the kitchen staff and warned them about Marriott's anti-harassment policy. Management also conducted a three-month-long investigation, during which more than thirty interviews with kitchen employees were conducted. Management also stopped scheduling Plaintiff to work any shifts with workers he suspected as the main perpetrators of the defecation incident. To this day, the main perpetrators have not been positively identified.

Plaintiff continued working at Anaheim Marriott until October 10, 2008, when he resigned to take a job at a Beverly Hills Hotel. In his resignation letter, Plaintiff's stated reason for leaving was "due to career advancement." McCaffrey Decl., ¶3, Ex. B, 166:8-21; McCaffrey Decl., ¶4, Ex. C, Ex. 19. In his deposition, Plaintiff admitted that he was not subject to any more harassment after the January defecation incident.

On March 10, 2009, Plaintiff filed a complaint with the Department of Fair Employment and Housing for racial discrimination in the work place, resulting in a

1  hostile work environment and damage to personal
2  property.  Declaration of Frank Carleo ("Carleo
3  Decl."), ¶ 2, Ex. 1.  On March 18, 2010, Plaintiff
4  filed a Complaint in the Los Angeles Superior Court
5  [1].  On August 26, 2010, Defendant removed the case to
6  this Court [1].

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (2007).

Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of disputed fact remains.  Celotex, 477 U.S. at 322.  The non-moving party is required by

Federal Rules of Civil Procedure Rule 56(e)[1] to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists. Id. at 324.

### III. ANALYSIS

Defendant brings this present Motion for Summary Judgment, or in the Alternative Partial Summary Judgment on the basis that no genuine issues of material fact exists as to any of Plaintiff's three claims. Plaintiff's action is based on claims of: (1) violations of the California Fair Employment and Housing Act ("FEHA"), (2) constructive discharge, and (3) violations of the Ralph Civil Rights Act.

**A. Evidentiary Objections**

As a preliminary matter, in ruling on a Motion for Summary Judgment, the Court considers only evidence that is admissible at trial. Fed. R. Civ. P. 56(c). Here, Defendant has filed objections to the following: (1) a report written by Marriott summarizing its findings during the aftermath of the defecation incident; (2) an e-mail from Plaintiff telling Defendant that an investigator's car was vandalized; and (3) a list of answers and questions used in Defendant's investigation.

///

---

[1] The Federal Rules of Civil Procedure were amended on December 01, 2010. Federal Rules of Civil Procedure, Rule 56(e) has now been codified as Federal Rules of Civil Procedure, Rule 56(c).

    1. <u>Evidentiary Objection Numbers 1 and 3</u>

Defendant objects to statements made by Marriott employees in both Marriott's investigative report and the list of answers and questions on the basis that these statements are hearsay. Defendant argues that Plaintiff has not laid the foundation that the "employees" were authorized agents to speak on behalf of Marriott, and as such, these statements do not fall underneath the employee admission exception to hearsay.

The Court finds Defendant's argument unpersuasive. The employee admission exception to hearsay only requires, in pertinent part, "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D). The "authorized agent" requirement only applies to Rule 801(d)(2)(C). See <u>City of Tuscaloosa v. Harcros Chemicals, Inc.</u>, 158 F.3d 548 (11th Cir. 1998) (holding that the standards in agency law need not be applied to demonstrate that an employee possesses "speaking authority"; it is sufficient under Rule 801(d)(2)(D) that the employee's statement relates to a matter within the scope of his employment or agency).

Here, both the investigative report and the questionnaire contain statements from "kitchen associates" about the working environment at the Marriott kitchen. The Court finds that these were

statements made by Marriott employees regarding their working environment, a matter within the scope of their employment. As such, the Court finds that Rule 801(d)(2)(D) applies. Accordingly, the Court **OVERRULES** Defendant's objection.

### 2. Evidentiary Objection Number 2

Defendant objects to statements regarding the vandalism of an investigator's car, contained in an April 1, 2008 e-mail written by Plaintiff to management at Anaheim Marriott. In this e-mail, Plaintiff states "about 2 wks. ago, David Stanley from Loss Prevention Dept. had his car vandalized in the parking garage." Carleo Decl., ¶ 4, Ex. 4.

The Court **SUSTAINS** Defendant's objection on grounds that Plaintiff lacked personal knowledge in making the statement in the e-mail. Fed. R. Evid. 602. The Court finds that the evidence does not support a finding that Plaintiff had personal knowledge of vandalism to an investigator's car. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1028 (9th Cir. 2001) (finding excerpts of deposition testimony inadmissible in summary judgment when the deponent did not have personal knowledge for her statements).

**B. Defendant's Motion for Summary Judgment**

Defendant moves for Summary Judgment as to all of Plaintiff's claims in this Action.

///

1.  <u>Violations of California Fair Employment Housing Act</u> (First Cause of Action)

In order for a party to be entitled to file a civil action in court based on violations of the California Fair Employment Housing Act ("FEHA"), the party must first file a complaint with the California Department of Fair Employment and Housing ("DFEH"). <u>Morgan v. Regents University of California</u>, 88 Cal. App. 4th 52, 63 (Ct. App. 2000).

The statutory time limit for filing claims with the DFEH is "one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred," with an exception for delayed discovery. <u>Id.</u> (quoting Cal. Gov. Code § 12960). Accordingly, any FEHA claim will be time-barred when a party files a DFEH complaint more than one year after the last alleged violation of FEHA. See <u>Trovato v. Beckman Coulter, Inc.</u>, 192 Cal. App. 4th 319, 323 (Ct. App. 2011) (affirming summary judgment when Plaintiff filed a DFEH complaint more than a year after the last alleged violation of FEHA).

Here, Plaintiff filed his complaint with the DHEA on March 10, 2009, stating that he was subject to racial discrimination in the work place, resulting in a hostile work environment and damage to personal property. Carleo Decl., ¶ 2, Ex. 1. Therefore, according to the one year statutory time limit, the last violation of FEHA must have occurred on or after March 10, 2008 in order for Plaintiff's FEHA cause of

Action to not be time-barred.

The Court finds that Defendant has met its burden to establish that no genuine issue of material fact exist as to whether Plaintiff timely filed his complaint with the DHEA. Specifically, Defendant sets forth sufficient evidence showing that the last alleged violation of FEHA under the DHEA complaint occurred against Plaintiff before March 10, 2008.

Defendant puts forth evidence establishing that Plaintiff did not suffer continuing harassment after the January defecation incident. In support, Defendant cites to deposition testimony by Plaintiff admitting that he was not subject to harassment after the January defecation incident. McCaffrey Decl., ¶2, Ex. A, 97:11-99:10, 101:18-21. The Court finds that Plaintiff has failed to meet its burden to establish that genuine issues of material facts remain in regard to this issue.[2]

Plaintiff argues that an April 2008 vandalism incident of an investigator's car should be interpreted as a "continuing violation" under FEHA and should revive any time barred claim. However, the Court finds this argument is without merit as it is based on deposition testimony from Plaintiff, which is

---

[2] Plaintiff, as the non-moving party, is required by the Federal Rules of Civil Procedure to go beyond the pleadings and designate specific facts showing a genuine issue for trial exists. Celotex, 477 U.S. at 324.

10

1 speculative as to the connection of the vandalism to
2 Plaintiff.  <u>Morgan v. Regents of University of Cal.</u>, 88
3 Cal. App. 4th 52, 64 (Ct. App. 2000) (noting that a
4 continuing violation may be established by
5 demonstrating a "company wide policy or practice" or "a
6 series of related acts against a single individual").
7   Plaintiff also contends that Defendant's May 2008
8 refusal to promise Plaintiff a work schedule free from
9 interaction with the prime suspects in the January
10 defecation incident constitutes a continuing violation
11 of FEHA.  The Court finds this argument is without
12 merit.  The mere fear of future harassment is not
13 sufficient to be a continuing violation.  <u>Trovato</u>, 192
14 Cal. App. 4th at 323-25 (affirming summary judgment
15 when plaintiff was not subject to any harassing acts
16 within the one year limitations period but was required
17 to continue to interact with the harasser at her job).
18 Here, Plaintiff has failed to put forth any evidence or
19 facts to create a genuine issue of fact that actual
20 harassment giving rise to the DHEA complaint took place
21 after March 10, 2008.
22   Accordingly, this Court **GRANTS** Defendant's Motion
23 for Summary Judgment as to Plaintiff's first cause of
24 action for violations of FEHA because it is time-
25 barred.[3]

---

27   [3]Defendant also argues that the FEHA claim has no
28 merit.  The Court, however, has not considered the
merits of the FEHA claim because summary judgment is

11

2. <u>Constructive Discharge</u> (Second Cause of Action)

Constructive discharge occurs when the employer's conduct effectively forces an employee to resign. <u>Zilmer v. Carnation Co.</u>, 215 Cal. App. 3d 29, 38-39 (Ct. App. 1994). To establish a successful constructive discharge claim, an employee must prove that the employer:

> [E]ither intentionally created or knowingly permitted working conditions that were so intolerable or aggravated **at the time of the employee's resignation** that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

<u>Turner v. Anheuser-Busch, Inc.</u>, 7 Cal. 4th 1238, 1251 (1994) (emphasis added). In analyzing the conditions of employment, "the proper focus is on whether the resignation was coerced, not whether it was simply one rational option for the employee." <u>Id.</u> at 1246.

The Court finds that Defendant has met its burden to show that no genuine issue of material fact exists as to whether Plaintiff "was coerced" into leaving Defendant's employ. In particular, Defendant puts forth evidence that Plaintiff stated that he resigned "due to career advancement" and to "better his career," rather than because of the working conditions at Anaheim Marriott. <u>Turner</u>, 7 Cal. 4th at 1246 (holding

---

granted on the grounds that the FEHA claim is time barred.

12

that "the proper focus is on whether the resignation was coerced, not whether it was simply one rational option for the employee."). Specifically, Defendant puts forth a letter that Plaintiff wrote before he resigned. In the letter, Plaintiff stated that he was leaving "due to career advancement." McCaffrey Decl., Ex. C, Ex. 19. Similarly, in his deposition, Plaintiff admitted that he found a job that would "better his career." Id. at ¶3, Ex. B, 166:8-21.

Plaintiff argues that working conditions were so intolerable that any reasonable person would have resigned from Anaheim Marriott. Plaintiff sets forth arguments with evidentiary support that the totality of all the incidents would create unreasonable working conditions for any person. However, the Court finds there is an absence of evidence that Plaintiff left Defendant's employ because of intolerable working conditions that existed at the time of Plaintiff's resignation. Hansen, 7 F.3d at 138 (holding that conclusory allegations unsupported by factual allegations are insufficient to create a triable issue of fact so as to preclude summary judgment).

As such, the Court finds no genuine issue of material fact exists as to this Claim, and Defendants' Motion for Summary Judgment on this cause of action is hereby **GRANTED**.

///

///

       3.  <u>Ralphs Civil Rights Act</u> (Third Cause of Action)

The Ralphs Civil Rights Act provides in pertinent part that:

> All persons . . . have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property **because of any characteristic** listed on defined in subdivision (b) or (e) of Section 51 . . . or because another person perceives them to have one or more of those characteristics."

Cal. Civ. Code § 51.7(a) (emphasis added).

Characteristics listed in sections 51(b) or (e) are: sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation. Cal. Civ. Code § 51.7(b), (e).

As such, under the language of the statute, Plaintiff must present evidence of "violence or intimidation by threat of violence," committed against Plaintiff on the basis of a protected ground (here, race or national origin). <u>Corales v. Bennett</u>, 567 F.3d 554, 571 (9th Cir. 2009). Plaintiff asserts that both the January defecation incident and a tense conversation that Plaintiff had with a co-worker about the January defecation incident amount to violations of the Ralphs Civil Rights Act.

The Court finds that Defendant has met its burden by showing that no reasonable juror could conclude that these two incidents were committed against Plaintiff on

the basis of race or national origin.  Specifically, Defendant proffers evidence that the January defecation incident was motivated by jealousy.  Defendant refers to Plaintiff's Deposition, where Plaintiff suspects that the main instigator defecated on Plaintiff's car out of a hidden resentment toward Plaintiff for being chosen for a supervisor's position.  McCaffrey Decl., ¶2, Ex. A, 112:17-24.

Plaintiff, in contrast, has failed to put forth sufficient evidence to show that either the January defecation incident or the tense conversation following the incident was on account of race or national origin.  Plaintiff only offers comments by employees that may show that there was general hostility between Mexican employees and non-Mexican employees.  Plaintiff, however, does not offer any evidence as to the connection of the January defecation incident and the tense conversation with an employee have to race and national origin discrimination.  <u>Madrid v. City of Fresno</u>, 2011 U.S. Dist. LEXIS 17872, at *60-61 (E.D. Cal. Feb. 23, 2011)(finding summary judgment appropriate in a Ralphs Civil Rights claim where plaintiff offered "nothing but conjecture" to demonstrate that were motivated by race or color).

Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's Ralphs Civil Right Claim is **GRANTED.**

///

## IV. CONCLUSION

For the reasons stated above, the Court finds that there is no triable issue of material fact regarding all three claims raised by Plaintiff.  Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment.

DATED: September 9, 2011
**IT IS SO ORDERED.**

                         *RONALD S.W. LEW*
                         **HONORABLE RONALD S.W. LEW**
                         Senior, U.S. District Court Judge